UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE M. SOTANSKI,<br><br>             Plaintiff,<br><br>      v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA4, et al.,<br><br>             Defendants. | Case No. 15-CV-01489-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. Nos. 20, 22, 31 |

Plaintiff Jane M. Sotanski ("Plaintiff") brings this action against defendants RTS Pacific, Inc. ("RTS") and HSBC Bank USA, National Association, as trustee for the holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 ("HSBC") (collectively, "Defendants"). ECF No. 1 ("Compl."), ¶¶ 2-3. Plaintiff brings a cause of action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") for rescission of a home mortgage loan, and a second cause of action for wrongful foreclosure under California Civil Code § 2924. *Id*. ¶¶ 13-23. Before the Court are three motions. First, HSBC has filed a

1

Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND
GRANTING MOTION TO WITHDRAW AS COUNSEL

motion to dismiss Plaintiff's Complaint in its entirety. ECF No. 20 ("Mot. Dismiss"). Second, Plaintiff has filed a motion for default judgment against Defendants. ECF No. 22 ("Mot. Default Judgment"). Third, Melissa N. Armstrong ("Ms. Armstrong"), counsel of record for RTS, has filed a motion to withdraw as counsel of record for RTS. ECF No. 31 ("Mot. Withdraw"). Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument, and hereby VACATES the hearing on the Motion to Withdraw, currently scheduled for August 13, 2015, at 1:30 p.m., and also VACATES the hearing on the Motion to Dismiss and Motion for Default Judgment, currently scheduled for September 10, 2015, at 1:30 p.m. The Court also VACATES the initial case management conference in this matter, currently scheduled for August 13, 2015, at 1:30 p.m. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion to Dismiss without leave to amend, DENIES the Motion for Default Judgment, and GRANTS the Motion to Withdraw, for the reasons stated below.

## I. BACKGROUND

### A. Factual Background

On March 15, 2007, Plaintiff obtained a mortgage loan from Countrywide Bank, FSB. Compl. ¶ 8. The mortgage loan was for $1,455,000, and was secured by the real property located at 11975 Saddle Road in Monterey, California. Exhibit A to Request for Judicial Notice ("RJN 1"), ECF No. 21. On December 4, 2012, the mortgage loan was assigned to HSBC. *Id.*

On June 4, 2014, a notice of default and election to sell under deed of trust was recorded with the Monterey County Recorder. *Id.* Ex. B. According to the notice, Plaintiff was in default on the mortgage loan in the amount of $593,547.54. *Id.* On October 22, 2014, a notice of trustee's sale was recorded with the Monterey County Recorder, stating that the property at 11975 Saddle Road would be sold at public auction on November 20, 2014. *Id.* Ex. C. On March 10, 2015, another notice of trustee's sale was recorded with the Monterey County Recorder, stating that the property at 11975 Saddle Road would be sold at public auction on April 8, 2015. *Id.* Ex. D. On

2

Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

April 28, 2015, a trustee's deed was recorded with the Monterey County Recorder stating that RTS, as the appointed trustee under the deed of trust for the subject property, sold title to the property at a public auction to a third party. Exhibit 1 to Request for Judicial Notice in Support of HSBC's Opposition to Motion for Default Judgment ("RJN 2"), ECF No. 28-1.

**B. Procedural History**

Plaintiff filed the instant lawsuit on April 1, 2015. ECF No. 1. In her Complaint, Plaintiff alleged that on December 14, 2014, Plaintiff "learned that the actual lender [of the March 15, 2007 mortgage loan] was never disclosed to her and that she had grounds for rescission." Compl. ¶ 9. Plaintiff further alleged that Plaintiff sent a notice of rescission pursuant to TILA to the servicer of Plaintiff's mortgage loan. *Id.* ¶ 10. Plaintiff alleged two causes of action against Defendants: a cause of action under TILA for rescission of the mortgage loan, and a cause of action for wrongful foreclosure predicated on Plaintiff's rescission of the loan pursuant to TILA. *Id.* ¶¶ 13-23.

On April 22, 2015, RTS filed a declaration of non-monetary status in response to the Complaint. ECF No. 10. In that declaration, RTS Vice President Deborah Kaufman ("Ms. Kaufman") stated that RTS is the custodian of records for the former foreclosure trustee, Regional Trust Services Corporation. *Id.* at 1 n.1. According to Ms. Kaufman, Regional Trust Services Corporation has filed a voluntary petition for receivership in the Superior Court of Washington for King County, Case No. 14-2-21548-7. *Id.* Ms. Kaufman further stated that RTS (the defendant in the instant action) was "simply the foreclosure trustee . . ., with the power to foreclose on the property that arises from the Deed of Trust securing the loan" of the Plaintiff, and that RTS otherwise had no involvement in any way with the property at issue in the instant litigation. *Id.* ¶ 2. Ms. Kaufman also stated that she was not aware of any evidence, facts, documents, or testimony "tending to suggest that RTS engaged in any misconduct in connection with the performance of its duties as Trustee." *Id.* ¶ 4. Ms. Kaufman also noted that the California Civil Code provides that a foreclosure trustee "incurs no liability for reliance in good faith on information provided in good faith by the beneficiary regarding the nature and amount of the

default under the secured obligation." *Id.* (citing California Civil Code § 2924(b)).[1] The declaration concluded that RTS agreed to be bound by "whatever non-monetary Order or Judgment that this Court issues with regard to the Deed of Trust which is the subject of this lawsuit." *Id.* ¶ 7.

On May 4, 2015, HSBC filed the instant Motion to Dismiss. *See* Mot. Dismiss. In that motion, HSBC moved to dismiss Plaintiff's Complaint in its entirety on several grounds, including that Plaintiff's TILA cause of action is time-barred by the three-year statute of limitations. *Id.* at 3. Furthermore, because Plaintiff's TILA cause of action is time-barred, HSBC argues that Plaintiff's cause of action for wrongful foreclosure—which is predicated on Plaintiff's rescission of the mortgage loan pursuant to TILA—also fails. *Id.* Concurrent with the Motion to Dismiss, HSBC filed a request for judicial notice. ECF No. 21. On May 20, 2015, Plaintiff filed an opposition. ECF No. 33 ("Opp'n Mot. Dismiss"). On May 26, 2015, HSBC filed a reply. ECF No. 36 ("Reply Mot. Dismiss").

On May 5, 2015, Plaintiff filed the instant Motion for Default Judgment. *See* Mot. Default Judgment. In that motion, Plaintiff alleged that she is entitled to default judgment against Defendants because Plaintiff claimed that "[t]he clerk has previously entered the default of said defendants on April 29, 2015 and May 1, 2015."[2] Mot. Default Judgment at 2; *see also* ECF No. 23 (stating that "this Court entered defaults on April 29, 2015 as to HSBC and May 1, 2015 as to RTS"). Plaintiff also filed a supporting declaration. ECF No. 24. On May 15, 2015, HSBC filed an

---

[1] The relevant provision of the California Civil Code provides that in foreclosing on a property, "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civil Code § 2924(b).

[2] The Clerk of the Court has not entered default against either Defendant. However, on April 29, 2015, Plaintiff filed an "Application for Entry of Default" against HSBC, in which Plaintiff alleged that she served HSBC with a copy of her Complaint on April 2, 2015, and that HSBC failed to respond to the Complaint by April 23, 2015. ECF No. 13, at 2. Similarly, on May 1, 2015, Plaintiff filed an "Application for Entry of Default" against RTS, in which Plaintiff alleged that she served RTS on April 2, 2015, and that RTS failed to respond to the Complaint by April 23, 2015. ECF No. 18. These two applications for entry of default are what Plaintiff appears to refer to in her Motion for Default Judgment. *See* Mot. Default Judgment at 2.

4
Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

1  opposition to the Motion for Default Judgment stating that the Clerk of the Court had not entered

2  default against the Defendants in this case. ECF No. 27 ("Opp'n Mot. Default Judgment"). HSBC

3  also filed a request for judicial notice. ECF No. 28. That same day, Plaintiff filed a petition for

4  writ of mandamus to the Ninth Circuit. ECF No. 30-1. In her petition for writ of mandamus,

5  Plaintiff argued that the Clerk of the Court should have entered default against Defendants, and

6  requested that the Ninth Circuit order the Clerk of the Court to enter default and vacate HSBC's

7  opposition to the Motion for Default Judgment. *Id.* at 7. Plaintiff did not file a reply in support of

8  the Motion for Default Judgment. On May 26, 2015, the Clerk of the Court filed a declination of

9  default as to RTS, ECF No. 35, and subsequently filed a declination of default as to HSBC on May

10  27, 2015, ECF No. 37. The Ninth Circuit denied Plaintiff's petition for writ of mandamus on July

11  28, 2015. ECF No. 46.

12        On May 21, 2015, Ms. Armstrong filed the instant Motion to Withdraw. *See* Mot.

13  Withdraw. In that motion, Ms. Armstrong stated that her law firm had dissolved, and as such Ms.

14  Armstrong did not have the financial resources to continue to act as the counsel of record for RTS.

15  Mot. Withdraw at 2. Ms. Armstrong also filed a supporting declaration. Declaration of Melissa N.

16  Armstrong, ECF No. 31 ("Armstrong Decl."), at 5-6. The Motion to Withdraw is unopposed.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as

5
Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

United States District Court
Northern District of California

true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Accordingly, leave to amend is denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### B. Motion for Default Judgment

Pursuant to Rule 55(b)(2), the court may enter a default judgment when the clerk, under Rule 55(a), has previously entered the party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk of the Court enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Philip Morris USA v. Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments."). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip*

1  *Morris,* 219 F.R.D. at 498.

2  "Factors which may be considered by courts in exercising discretion as to the entry of a
3  default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of
4  plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in
5  the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was
6  due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
7  Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.
8  1986).

### C. Motion to Withdraw

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, an attorney may seek to withdraw for several reasons, including that "[t]he member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of . . . good cause for withdrawal." Cal. R. Prof. Conduct 3-700(C)(6). Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A)(2).

### III. DISCUSSION

#### A. RTS' Motion to Dismiss

The Court first addresses RTS' Motion to Dismiss.[3] In its motion, RTS argues that

---

[3] In conjunction with the instant motions, HSBC has filed two requests for judicial notice. *See*

Plaintiff's cause of action for rescission pursuant to TILA fails for three reasons. First, RTS argues that the claim is time-barred because Plaintiff filed the instant litigation five years after the statute of limitations expired. Mot. Dismiss at 3. Second, RTS contends that Plaintiff's TILA claim is inadequate because Plaintiff does not allege that her mortgage lender failed to make a "material disclosure," as TILA requires in order for a borrower to rescind a loan. *Id.* Finally, RTS argues that Plaintiff fails to allege that she will return the loan proceeds, as TILA mandates. *Id.* As to Plaintiff's cause of action for wrongful foreclosure, RTS argues that because it is predicated on Plaintiff's TILA cause of action, the wrongful foreclosure claim also fails. *Id.* Plaintiff, in her opposition to the Motion to Dismiss, argues that her TILA cause of action for rescission is not time-barred because the contract for her mortgage loan was never consummated. Opp'n Mot. Dismiss at 6-7. Plaintiff also disputes that she is required to allege that she will return the loan proceeds. *Id.* at 8. Plaintiff further argues that her wrongful foreclosure claim is properly pled. *Id.* at 9-10.

The Court first addresses the TILA cause of action for rescission, then will turn to Plaintiff's cause of action for wrongful foreclosure.

*1. Plaintiff's TILA cause of action for rescission*

The Truth in Lending Act states that in the case of, *inter alia*, any consumer credit transaction involving "property which is used as the principal dwelling of the person to whom credit is extended," the borrower has the "right to rescind the transaction" with certain conditions

---

ECF Nos. 21, 28. HSBC requests judicial notice of various documents recorded with the Monterey County Recorder that pertain to the property at issue in this litigation. *See* RJN 1, Ex. A (assignment of deed of trust), RJN 1, Ex. B (notice of default), RJN 1, Ex. C (notice of trustee's sale), RJN 1, Ex. D (notice of trustee's sale); RJN 2, Ex. 1 (trustee's deed), RJN 2, Ex. 2 (deed of trust), RJN 2, Ex. 3 (deed of trust). Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Lee v. City of L.A.,* 250 F.3d 668, 688-89 (9th Cir. 2001) *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002). Records filed with a county recorder are judicially noticeable. *See id*. at 689 (noting that judicial notice may be taken of public records). Accordingly, the Court GRANTS HSBC's requests for judicial notice.

not relevant here. 15 U.S.C. § 1635(a). However, a borrower's "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *Id.* § 1635(f). Therefore, "as a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Furthermore, the three-year statute of limitations to exercise the right of rescission is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); *Alda v. SBMC Mortgage*, No. 11-CV-00678-LHK, 2012 WL 10589, at *3 (N.D. Cal. Jan. 3, 2012) ("Claims for rescission under TILA expire three years after the date of the consummation of the transaction" and "[t]he three-year period is not subject to equitable tolling.").

Here, judicially-noticeable documents show that Plaintiff consummated the mortgage loan for the subject property on March 15, 2007. RJN1 Ex. A. Therefore, Plaintiff's right to rescind the transaction expired in March 2010. However, Plaintiff did not send her loan servicer a notice of rescission until January 26, 2015. Compl. ¶ 10. This was nearly five years after Plaintiff's right to rescind the mortgage loan expired. Accordingly, the Court agrees with RTS that Plaintiff's TILA cause of action for rescission is time-barred.

In Plaintiff's opposition to the Motion to Dismiss, Plaintiff relies on the Ninth Circuit's opinion in *Jackson v. Grant* to argue that Plaintiff timely sought rescission of the mortgage loan when Plaintiff filed the instant action. Opp'n Mot. Dismiss at 6-7. Specifically, Plaintiff argues that although Countrywide Bank, FSB is identified in the note and deed of trust Plaintiff executed in connection with the mortgage loan, Countrywide Bank, FSB "posed as the originating lender" but "did not lend any money." *Id.* at 7. Accordingly, Plaintiff argues that "[a] lawful contract was not formed, and the lender must be identified before the three years begins to run." *Id.*

In *Jackson*, a borrower executed on February 18, 1983 a series of documents which were purportedly a mortgage loan. *Jackson*, 890 F.2d 118, 121 (9th Cir. 1989). The borrower subsequently notified the assignees of the purported mortgage loan on February 7, 1986 that the

9

Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

borrower was rescinding the mortgage loan pursuant to TILA. *Id.* at 119. At issue in *Jackson* was whether the mortgage loan was ever consummated where, among other things, the promissory note and deed of trust signed by the borrower left the name of the beneficiary/lender blank. *Id.* at 121. The Ninth Circuit concluded that, given these facts, "[n]o one, including Union [the purported lender], had agreed to extend credit to Jackson [the borrower] as of [February 18, 1983] and no loan transaction was 'consumated'" within the meaning of TILA. *Id.* In other words, "[t]he lender is unidentifiable and therefore no valid contract existed." *Id.*

*Jackson* is inapposite. *Jackson* dealt with a scenario where the name of the lender on mortgage loan documents was left "blank." *Id.* at 121. In that situation, the Ninth Circuit held that "[n]o one" agreed to extend credit to the borrower "and therefore no valid contract existed." *Id.* Here, in contrast, Plaintiff acknowledges that the note and deed of trust identified the lender: Countrywide Bank FSB. Compl. ¶ 8 (alleging that the note and deed of trust that Plaintiff executed identified "Countrywide Bank FSB" as the "Lender"); *see also* RJN 2, Ex. 2 (deed of trust identifying "Countrywide Bank FSB" as the "Lender"). *Jackson* did not address the contention that Plaintiff raises in her opposition, which is that a borrower retains a right of rescission where, even though loan documents identify a lender, that lender is alleged not to be the true lender. Accordingly, *Jackson* does not support Plaintiff's argument.

Furthermore, courts that have considered arguments identical to Plaintiff's—that a borrower's mortgage loan documents allegedly fail to identify the borrower's "true lender" and therefore, pursuant to *Jackson*, the mortgage loan was never consummated—have unanimously rejected it. *See Ramos v. U.S. Bank*, No. 12-CV-1820- IEG, 2012 WL 4062499, at *1 n.1 (S.D. Cal. Sept. 14, 2012) (finding *Jackson* inapplicable to TILA claim where mortgage loan paperwork "plainly identified" a lender and therefore "the loan was consummated regardless" of who the true lender was); *Mbaku v. Bank of Am., Nat. Ass'n*, No. 12-CV-00190-PAB-KLM, 2013 WL 425981, at *5 (D. Colo. Feb. 1, 2013) (rejecting argument that *Jackson* invalidated a mortgage loan agreement which allegedly did not identify plaintiffs' "true lender" because "[p]laintiffs' deed of

trust identifies TBW as the lender" and therefore "plaintiffs were obligated on their mortgage to TBW."); *Pennington v. Equifirst Corp.*, No. 10-1344-RDR, 2011 WL 1541283, at *4 (D. Kan. Apr. 21, 2011) (rejecting argument that *Jackson* supports a "right of rescission on the grounds that defendant EquiFirst was a 'fictitious lender' with whom there could be no 'meeting of the minds.'"); *see also Buie v. Palm Springs Motors, Inc.*, No. EDCV 00-00168 VAP, 2001 WL 34570064, at *4 (C.D. Cal. May 14, 2001) (*Jackson* inapplicable where loan agreement identified a lender). Plaintiff cites no other authority besides *Jackson*—and this Court located none—to support Plaintiff's argument that the contract for her mortgage loan was never consummated

For the reasons stated above, the Court finds that Plaintiff's TILA cause of action for rescission is time-barred. Accordingly, the Court GRANTS HSBC's Motion to Dismiss the TILA cause of action without leave to amend.[4] *See Oliver*, 2012 WL 2376677, at *8 (dismissing time-barred TILA claim for rescission with prejudice); *see also Leadsinger*, 512 F.3d at 532 (court may deny leave to amend if amendment would be, *inter alia*, futile).

Furthermore, although defendant RTS has not moved to dismiss Plaintiff's TILA cause of action or joined HSBC's motion to dismiss, the Court finds that Plaintiff cannot possibly win relief on her TILA cause of action because it is time-barred. Accordingly, the Court *sua sponte* DISMISSES the TILA cause of action for rescission as alleged against RTS, without leave to amend. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* "note the inadequacy of a complaint and dismiss it for failure to state a claim," and need not give the plaintiff an opportunity to respond if the plaintiff "cannot possibly win relief."); *see also Balagso v. Aurora Loan Servs., LLC*, No. CIV. 11-00029 SOM, 2011 WL 2133709, at *10 (D. Haw. May 26, 2011) (where plaintiff's TILA claim for rescission was barred by the statute of limitations, court found it appropriate to *sua sponte* dismiss TILA claim against non-moving defendants); *Grossman v. JP Morgan Chase*, No. 12-3532-SC, 2012 WL 5520402, at *1 (N.D.

---

[4] Because the Court grants HSBC's Motion to Dismiss on the grounds that the TILA rescission claim is time-barred, the Court need not reach HSBC's arguments in the alternative.

11
Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

Cal. Nov. 14, 2012) (*sua sponte* dismissing TILA claim that was "clearly time-barred"); *Shoop v. Deutsche Bank Nat. Trust Co.*, 465 F. App'x 646, 647 (9th Cir. 2012) (unpublished decision) (affirming district court's *sua sponte* dismissal of TILA claim where claim was barred by the statute of limitations, "despite not providing the Shoops notice and an opportunity to oppose dismissal").

### 2. *Plaintiff's cause of action for wrongful foreclosure*

The Court now turns to Plaintiff's cause of action for wrongful foreclosure. Plaintiff's cause of action for wrongful foreclosure is predicated on Plaintiff's TILA cause of action for rescission. Compl. ¶ 14 (alleging that non-judicial foreclosure proceedings are illegal because Plaintiff "rescinded the Note and Deed of Trust" pursuant to TILA). As previously discussed, the TILA cause of action is barred by the statute of limitations. *See* Section III.A.1, *supra*. Accordingly, because Plaintiff's TILA cause of action fails, Plaintiff's cause of action for wrongful foreclosure that is predicated on TILA also fails. *See Handte v. Wells Fargo Bank N.A.*, No. 3:11-CV-00900-ECR, 2012 WL 2921493, at *4 (D. Nev. July 16, 2012) ("Because Plaintiff's rescission claim under TILA is time-barred, Plaintiff's claim for wrongful foreclosure based on TILA must be dismissed with prejudice."); *see also Walker v. Wash. Mut. Bank FA*, 63 F. App'x 316, 317 (9th Cir. 2003) (unpublished decision) (affirming summary judgment for defendant as to wrongful foreclosure claims because wrongful foreclosure claims "are based on alleged TILA violations" and no TILA violations occurred).

Accordingly, the Court GRANTS HSBC's Motion to Dismiss Plaintiff's cause of action for wrongful foreclosure, without leave to amend. *See Leadsinger*, 512 F.3d at 532 (court may deny leave to amend if amendment would be, *inter alia*, futile). The Court also *sua sponte* dismisses without leave to amend Plaintiff's cause of action for wrongful foreclosure based on TILA as alleged against RTS, because Plaintiff cannot possibly win relief on this claim. *See Sparling*, 864 F.2d at 638 (trial court may *sua sponte* "note the inadequacy of a complaint and dismiss it for failure to state a claim," and need not give the plaintiff an opportunity to respond if

12
Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

the plaintiff "cannot possibly win relief.").

**B. Plaintiff's Motion for Default Judgment**

The Court now turns to Plaintiff's Motion for Default Judgment. Plaintiff requests that the Court enter default judgment based on Plaintiff's causes of action in the Complaint. ECF No. 23, at 4-5. However, the Court has dismissed the entirety of Plaintiff's Complaint without leave to amend. *See* Section III.A, *supra*. It is well-settled that "a default judgment may not be entered on a legally insufficient claim." *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267-68 (9th Cir. 1992)). Accordingly, courts routinely deny any motion for default judgment predicated on a legally insufficient or dismissed pleading. *See Tabb v. One W. Bank, FSB*, No. 3:10-CV-855-ST, 2011 WL 4448752, at *11 (D. Or. Aug. 26, 2011) (dismissing all of plaintiffs' claims with prejudice and denying plaintiffs' motion for entry of default judgment); *Reitz v. Adams*, No. 3:13-CV-02025-AC, 2015 WL 1346127, at *9 (D. Or. Mar. 23, 2015) ("[B]ecause the court concluded that Reitz's First Amended Complaint fails to state a clam, there are no live claims for which the court may declare a default."); *see also Sherwood v. United States*, No. C-96-2223-JSB, 1996 WL 732512, at *12 (N.D. Cal. Dec. 9, 1996) ("In light of the court's ruling granting defendants' motion to dismiss, plaintiffs' motion for default judgment is moot. This motion, therefore, is also denied.").

Furthermore, the Court notes that Plaintiff's Motion for Default Judgment is procedurally improper. Pursuant to Rule 55(b)(2), a court may enter a default judgment when the clerk, under Rule 55(a), has previously entered the party's default. Fed. R. Civ. P. 55(b). Here, the Clerk of the Court has not entered default against either HSBC or RTS. To the contrary, the Clerk of the Court declined to enter default against Defendants. ECF No. 35 (clerk's declination of default as to RTS); ECF No. 37 (clerk's declination of default as to HSBC).

For the reasons stated above, the Court DENIES Plaintiff's Motion for Default Judgment.

**C. Motion to Withdraw**

Finally, the Court turns to the Motion to Withdraw. In that motion, Ms. Armstrong,

13
Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

counsel of record for RTS, states that her law firm and employer, Butler & Hosch, P.A. ("Butler & Hosch"), "ceased normal operations . . . without notice to employees" or "Attorney Armstrong's client, defendant RTS" on May 14, 2015. Mot. Withdraw at 2. Because Butler & Hosch effectively terminated Ms. Armstrong's employment, Ms. Armstrong states that she "lack[s] personal financial resources to continue to represent RTS." Armstrong Decl. ¶ 8.

The Court agrees that Ms. Armstrong's circumstances justify withdrawal. *See Crews v. City of Osage City*, No. 98-4209-RDR, 2000 WL 1911503, at *3 (D. Kan. Dec. 28, 2000) (granting motion to withdraw as counsel where counsel's law firm dissolved). The fact that Butler & Hosch ceased operations, effectively terminating Ms. Armstrong's employment and rendering Ms. Armstrong financially unable to continue to represent RTS, provides Ms. Armstrong good cause to withdraw. Furthermore, Ms. Armstrong provided timely notice of the Motion to Withdraw to RTS. Moreover, as the Court has herein dismissed all claims against RTS without leave to amend, it is highly unlikely that Ms. Armstrong's withdrawal as counsel will prejudice RTS.

For the reasons stated above, the Court GRANTS the Motion to Withdraw, on the condition that papers continue to be served on Ms. Armstrong for forwarding purposes to RTS, unless and until RTS appears by other counsel. *See* Civ. L. R. 11-5(b) (when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel, "leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel"). The Court below directs the Clerk to close the case file. However, had there been further proceedings in this case, RTS would have had to obtain new counsel. *See* Civ. L. R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS without leave to amend HSBC's Motion

14
Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL

1  to Dismiss, and also DISMISSES without leave to amend the Complaint in its entirety against

2  RTS. The Court DENIES Plaintiff's Motion for Default Judgment. The Court GRANTS the

3  Motion to Withdraw, with the condition described in Section III.C, *supra*. The Clerk shall enter

4  judgment in favor of Defendants and close the case file.

**IT IS SO ORDERED.**

Dated: August 12, 2015

                                                   _____
LUCY H. KOH
United States District Judge

15

Case No. 15-CV-01489-LHK
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR DEFAULT JUDGMENT, AND GRANTING MOTION TO WITHDRAW AS COUNSEL